```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION


FRENCH GOURMET, INC.,             §
                                  §
          Plaintiff,              §
                                  §
v.                                §    CIVIL ACTION NO. H-10-3503
                                  §
FFE TRANSPORTATION SERVICES,      §
INC.,                             §
                                  §
          Defendant.              §
```

## MEMORANDUM OPINION AND ORDER

French Gourmet, Inc. ("French Gourmet") brings this action against FFE Transportation Services, Inc. ("FTS"), alleging that FTS, a common carrier, negligently mishandled and caused damage to French Gourmet's cargo while transporting it across the country pursuant to the parties' agreement. Pending before the court is FTS's Motion to Dismiss Pursuant to Rule 12(b)(1); Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Original Answer Subject Thereto (Docket Entry No. 10). Although the motion was filed on January 6, 2011, and plaintiff's response date was extended to February 10, 2011 (Stipulation, Docket Entry No. 11), plaintiff has not responded to the motion. For the reasons explained below, the motion to dismiss will be granted and the motion to transfer venue will be denied as moot.

## I.   Factual and Procedural Background

**A.   Underlying Facts**

French Gourmet is a Hawaiian corporation engaged in the business of making and distributing frozen dough.[1] FTS, a Delaware corporation with its principal place of business in Dallas, Texas, is a common carrier that transports goods by road.[2] In June of 2009 French Gourmet and FTS entered into a contract, pursuant to which FTS agreed to transport two separate cargos of French Gourmet's frozen dough from Los Angeles, California, to a consignee in Orlando, Florida.[3] French gourmet alleges that FTS promised to deliver the frozen dough in "the same good order and condition as when received," or alternatively, that FTS promised to "carry the cargo according to [French Gourmet's] specific instructions about the required, continual maintenance of the cargo's temperature."[4] French Gourmet alleges that FTS "received the cargo in good order and condition" in Los Angeles, but that because of FTS's negligent conduct, both cargos of dough had sustained "thawing and refreezing damage" when they arrived in Orlando and were "no longer [] suitable for [their] intended use."[5]

---

[1] Original Complaint, Docket Entry No. 1, ¶¶ 6, 10.

[2] Id. ¶¶ 7-8.

[3] Id. ¶ 10.

[4] Id. ¶ 11.

[5] Id. ¶¶ 12, 15-16, 22, 24-25.

-2-

## B.  Procedural History

French Gourmet filed this action on September 28, 2010, alleging causes of action for negligence, failure to comply with French Gourmet's instructions, breach of contract, breach of bailment, and violations of FTS's statutory and regulatory duties as a common carrier of goods.[6]  With respect to the first cargo shipment, French Gourmet alleges that "$8,645.02 plus all reasonable and necessary incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate [French Gourmet] for the cargo's actual loss proximately resulting from [FTS's] acts and/or omissions."[7]  French Gourmet alleges the same type of damages with respect to the second cargo shipment and alleges that the value of that loss is $13,145.85.[8]

French Gourmet invokes federal jurisdiction by alleging that the court has original jurisdiction under 28 U.S.C. § 1337(a) and the Carmack Amendment, 49 U.S.C. § 14706, or, alternatively, that the court has supplemental jurisdiction under 28 U.S.C. § 1367.[9]

FTS seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.[10]  FTS argues that

---

[6]Id. ¶¶ 16, 25.

[7]Id. ¶ 18.

[8]Id. ¶ 27.

[9]Id. ¶¶ 3-4.

[10]Motion to Dismiss Pursuant to Rule 12(b)(1); Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Original Answer Subject Thereto ("FTS's Motion"), Docket Entry No. 10, ¶ 1.

the court lacks original jurisdiction because the amount in controversy does not exceed the jurisdictional threshold set out in 28 U.S.C. § 1337(a), and that the absence of original jurisdiction necessarily precludes supplemental jurisdiction.[11]  Alternatively, FTS moves to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).[12]  French Gourmet did not file a response.

## II.  Analysis

### A.  Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) permits parties to file motions challenging a district court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).  The court must dismiss the action if it finds that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

As the party seeking to invoke federal jurisdiction, French Gourmet bears the burden of establishing subject matter jurisdiction.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 122 S. Ct. 2665 (2002).  The court may find that subject matter jurisdiction is lacking based on "(1) the

---

[11]FTS's Motion, Docket Entry No. 10, ¶¶ 6-11.

[12]Id. ¶¶ 12-15.

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.; see also Randall D. Wolcott, M.D., P.A. v. Sebelius, 2011 WL 870724, at *4 (5th Cir. 2011, Mar. 15, 2011).  Since neither party has submitted supplemental evidence, the court will look solely at the complaint to determine whether jurisdiction is lacking.  A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claim that would entitle [it] to relief."  Home Builders Ass'n of Miss., Inc., 143 F.3d at 1010.

### B.   Determining Whether the Court Has Jurisdiction

   1.   Original Jurisdiction Under 28 U.S.C. § 1337(a) and 49 U.S.C. § 14706

Section 14706(a) permits plaintiffs to recover damages from common carriers who cause "actual loss or injury to the [plaintiff's] property[.]" 49 U.S.C. § 14706(a)(1).  These actions "may be brought in a United States district court or in a State court."  Id. § 14706(d)(3).  The jurisdiction granted by 49 U.S.C. § 14706 is limited, however, by the language of 28 U.S.C. § 1337(a), which states that:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies:  Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or

>  14706 of title 49, only if the matter in controversy for
>  each receipt or bill of lading exceeds $10,000, exclusive
>  of interest and costs.

FTS argues that French Gourmet's complaint does not allege facts sufficient to invoke jurisdiction under § 1337(a) because the matter in controversy for "each receipt or bill of lading" does not exceed $10,000.[13] The court agrees. Section 1337(a) makes jurisdiction contingent on <u>each</u> receipt or bill of lading having an amount in controversy over $10,000. See <u>Pillsbury Co. v. Atchison, Topeka & Santa Fe Railway Co.</u>, 548 F. Supp. 28, 30 (D.C. Kan. 1982) (examining the text and legislative history of the amount-in-controversy requirement of § 1337(a) and concluding each receipt or bill of lading must exceed $10,000). French Gourmet alleges that its actual loss for the first cargo shipment was "8,645.02 plus all reasonable and necessary incidental damages."[14] Since French Gourmet has not submitted evidence demonstrating the value of its incidental damages, has not alleged facts demonstrating the nature of its incidental damages, and has not presented any legal authority showing that it is entitled to incidental damages under 49 U.S.C. § 14706, the court will not consider such damages in

---

[13] FTS's Motion, Docket Entry No. 10, ¶¶ 6-8.

[14] Original Complaint, Docket Entry No. 1, ¶ 18. It is unclear from the language of the Carmack Amendment whether a plaintiff may recover incidental damages. The statute merely states that plaintiffs may recover "the actual loss or injury to the property caused" by the carrier. 49 U.S.C. § 14706(a)(1).

determining if French Gourmet has satisfied the $10,000.00 threshold as to its first claim.

Accordingly, the court concludes that it does not have original jurisdiction because French Gourmet has not alleged damages that satisfy the amount-in-controversy requirement set out in 28 U.S.C. § 1337(a).  French Gourmet does not allege that any other statutory or constitutional authority confers jurisdiction upon this court.

### 2. Supplemental Jurisdiction Under Section 1367

If a district court has original jurisdiction over a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related" to that civil action that "they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a). Thus, for a court to exercise supplemental jurisdiction it must first have original jurisdiction with respect to at least one of the parties' claims.  Because the court lacks original jurisdiction the court also lacks supplemental jurisdiction.

### III.  Conclusion and Order

For the reasons explained above, the court concludes that French Gourmet has failed to allege facts sufficient to invoke the subject matter jurisdiction of this court.  Accordingly, FTS's Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket Entry No. 10) is **GRANTED**, and this action will be dismissed without prejudice for

lack of subject-matter jurisdiction. FTS's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket Entry No. 10) is **DENIED as moot.**

**SIGNED** at Houston, Texas, on this 30th day of March, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE